Ernest Edward Badway, Esq.
Christopher R. Kinkade, Esq.
Michael J. Leonard, Esq. (*pro hac vice pending*)
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

*Attorneys for plaintiff Kiko S.p.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
KIKO S.p.A.                                            :
                                                       : Civil Action No.:
        Plaintiff,                              :
                                                       : Judge:
    -against-                                      :
                                                       : **COMPLAINT**
DOOYEON CORP.                                          :
                                                       : (Jury Trial Demanded)
        Defendant.                              :
------------------------------------------------------------x

      Plaintiff Kiko S.p.A. ("Kiko" or "Plaintiff"), by and through their attorneys, Fox Rothschild LLP, bring this action against defendant Dooyeon Corp. ("Dooyeon" or "Defendant") and states and alleges as follows:

**PRELIMINARY STATEMENT**

      1.   Plaintiff is an Italy-based manufacturer, distributor and retailer of fine quality cosmetics, skin care and beauty products offering KIKO-branded products at locations across the United States and online for several years.  As a result of the millions of dollars in sales and goodwill generated in the cosmetics industry, the KIKO brand is highly valued and protected in the United States by Federal Trademark Registration for the marks KIKO and KIKO MAKE UP MILANO (the "KIKO Marks").  Plaintiff recently learned that Defendant has begun the unauthorized sale of a competing, and nearly identical goods bearing the name KICHO online

and in brick and mortar establishments located in this judicial district. Needless to say, Defendant's unauthorized and unlawful use of this name will create confusion and mistakes among customers in the industry. Accordingly, Plaintiff seeks judicial intervention to stop the Defendant's unauthorized and unlawful use of this infringing name.

## JURISDICTION AND VENUE

2. Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 ("Lanham Act"), and involves Defendant's infringement of the federally registered and common law trademarks owned by Plaintiff, and Defendant's false designation of origin under 15 U.S.C. §1125(a). Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States. Additionally, this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act pursuant to 28 U.S.C. § 1367(a), as these claims are related to claims within the Court's original jurisdiction.

3. This Court has personal jurisdiction over Defendant pursuant to New York Civil Practice Law and Rule ("CPLR") 302(a) because Defendant: (1) transacts and solicits business in this District; and (2) sells and/or offers for sale, within or without this state, goods that infringe Plaintiff's trademarks expecting its acts to have consequences in this district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff Kiko S.p.A. is an Italian company (società per azioni (spa)), organized and existing under the laws of the country of Italy and having its principal place of business at Via Giorgio E Guido Paglia 1/D, Bergamo, Italy I-24122.

6.  Defendant Dooyeon Corp. is, upon information and belief, a South Korean corporation, having a business address of 25, Seolleung-ro 161-gil, Gangnam-gu, South Korea.

**FACTS COMMON TO ALL CLAIMS**

**Plaintiff's Cosmetics Business**

7.  Plaintiff was founded in 1997 by the Percassi Group in Bergamo, Italy, and has grown in size to over 700 KIKO branded retail locations across Europe and the United States.

8.  In 2010, Plaintiff brought the KIKO brand cosmetics to the United States via online sales via Plaintiff's website http://www.kikocosmetics.com/en-us.

9.  Since its 1997 founding, Plaintiff has expanded its business throughout Europe. Due to the popularity and success of the KIKO brand, Plaintiff began selling products online in the U.S. in 2010 and later, in early 2014, launched its first physical locations for its KIKO-branded stores in the United States.

10. Plaintiff now owns dozens of stores in U.S. locations (predominantly in the Mid-Atlantic region), including several stores in New York City (Brooklyn, NY; Staten Island, NY; and the World Trade Center Mall in Manhattan, NY, which is located within this Judicial District). See http://www.kikocosmetics.com/en-us/utils/store-locator.html.

11. Since its launch, the KIKO cosmetics brand has seen a tremendous amount of growth and following by customers located in New York and beyond, resulting in hundreds of thousands of units sold and over $2 million in sales annually in the United States.

12. KIKO-branded products are advertised, marketed, and sold in the United States and in this Judicial District as affordable European-designed and produced products for every consumer, without a particular targeted consumer.

3

13. The KIKO brand is regularly referenced and promoted in printed and online advertising and publications and has hundreds of thousands of followers on popular social media sites, such as, Facebook, Instagram, Twitter and YouTube.  As a result, the KIKO brand of cosmetics has developed both a local, national and international audience and reputation.

14. Through Plaintiff's continuous and exclusive use of the KIKO Marks on KIKI-branded products and in the rendering of retail store services, as well as their extensive advertisement/marketing efforts, Plaintiff's KIKO Marks have acquired such considerable goodwill that the public has come to associate these marks exclusively with Plaintiff and to believe that the KIKO Marks uniquely identify Plaintiff's high quality cosmetic products.

**The KIKO Trademark Registrations**

15. Kiko S.p.A. (formerly Kiko S.r.L.), realizing that the value of its cosmetic brand was significantly tied to its identification with the public and needing to secure protection on a national basis, prior to the opening of its US-based stores, led Plaintiff to invest the efforts and funds to ensure the protection of its valuable intellectual property, the KIKO brand.

16. On June 1, 2005, Plaintiff filed for federal trademark protection of the KIKO mark under Section 1(b) of the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1051(b)(1).  The KIKO Mark was granted registration on the United States Patent and Trademark Office's ("USPTO's") Principal Register on September 29, 2009, as Registration No. 3,689,438, for goods described as "perfumes, toilet soaps, cosmetics, namely deodorants for personal use; creams, lotions and oils for the face and body; skin cleansing milks, creams and oils; make-up creams; beauty masks; make-up removers; eye shadows; lipsticks; mascara, rouge; crayons for the eyes and lips; face and body powders; suntanning and after sun exposure creams;

4

oils and lotions; pre and after shave lotions; talcum powders, bath salts, bath foam, bath oil; hair shampoo, hair lotions; depilatory preparations; nail enamels and polishes."

17. The foregoing Registration remains in good standing due to the July 14, 2015 filing and August 10, 2015 acceptance of a combined Declaration of Continued Use and Incontestability with the USPTO.  As such, this mark is valid, subsisting and incontestable.  True and correct copies of U.S. Registration No. 3,689,438 for KIKO and the Notice of Acceptance of Plaintiff's Declaration of Use and Incontestability are annexed hereto as **Exhibit 1**.

18. Kiko is also the owner of U.S. Trademark Registration No. 3,650,052 for the trademark "KIKO" covering goods described as "make-up for women," registered on the USPTO Principal Register on April 21, 2009.

19. The foregoing Registration remains in good standing due to the June 15, 2015 filing and July 21, 2015 acceptance of a combined Declaration of Continued Use and Incontestability with the USPTO.  As such, the KIKO mark of U.S. Trademark Registration No. 3,650,052 is valid, subsisting and incontestable.  True and correct copies of U.S. Registration No. 3,650,052 for KIKO and the Notice of Acceptance of Plaintiff's Declaration of Use and Incontestability are annexed hereto as **Exhibit 2**.

20. Plaintiff is also the owner of U.S. Trademark Registration No. 4,065,381 for the trademark "KIKO" covering accessory and complementary goods "spectacles, cases and chains for spectacles, frames for spectacles, optical lenses" and "jewelry and costume jewelry, namely rings, bracelets, necklaces, tie-bars, scarf rings, pendants, ear clips, tie clips, cuffinks [*sic*], earrings, key holders made of precious metals, brooches, pins being jewelry; clocks, watches, chronographs for use as watches, chronometers," and registered on the USPTO

Principal Register on December 6, 2011.  A true and correct copy of U.S. Registration No. 4,065,381 for KIKO is annexed hereto as **Exhibit 3.**

21. Plaintiff is also the owner of U.S. Registration No. 4,690,585 for the mark KIKO MAKE UP MILANO covering "perfumes, toilet soaps, cosmetics, namely deodorants for personal use; creams, lotions and oils for the face and body; skin cleansing milks, creams and oils; make-up creams; beauty masks; make-up removers; eye shadows; lipsticks; mascara, rouge; crayons for the eyes and lips; face and body powders; suntanning and after sun exposure creams, oils and lotions; pre- and after-shave lotions; talcum powders, bath salts, bath foam, bath oil; hair shampoo, hair lotions; depilatory preparations; nail enamels and polishes, excluding goods for infants and children up to 11 years old" and "retail department store services, excluding goods for infants and children up to 11 years old; retail store services featuring a wide variety of consumer goods of others, excluding goods for infants and children up to 11 years old; retail variety stores, excluding goods for infants and children up to 11 years old," registered on the USPTO Principal Register on February 24, 2015.  A true and correct copy of U.S. Registration No. 4,690,585 is annexed hereto as **Exhibit 4.**

22. The foregoing KIKO and KIKO MAKE UP MILANO registrations are collectively referred to hereinafter as "the KIKO Registrations."

**Defendant's Competing Cosmetic Products**

23. Upon information and belief, Defendant Dooyeon is a South Korean manufacturer and distributor of cosmetic, beauty and personal care products.

24. Upon information and belief, Defendant Dooyeon, has begun selling cosmetic products in the U.S., in the State of New York, and within this judicial district, branded as KICHO.

25. Specifically, Defendant offers its KICHO branded products at locations such as the Whole Foods Market located at 10 Columbus Circle, New York, NY and other retailer locations in New York City. Attached as **Exhibit 5** is the Declaration of Kenneth Ma and accompanying photographs of KICHO branded goods purchased at Whole Foods Market.

26. In addition, Defendant Dooyeon also advertises, offers for sale, and sells its KICHO branded products on its website located at www.kichocosmetics.com.

27. Representative types of cosmetics, beauty and personal care products identified and offered on the www.kichocosmetics.com website include various face creams, oils, cleansers, lip balms, makeup brushes, shampoos, makeup bags.

28. Upon information and belief, in addition to sales in this district, Defendant also publicly promotes and offers its KICHO branded goods at local and national trade shows and exhibitions, presumably attempting to place its goods at local and national retailers.

**Defendant's Infringement of Plaintiff's Registered Trademarks**

29. From 1997 until the present (and from 2010 to the present in the U.S.), Plaintiff Kiko has enjoyed significant success and acclaim, in the promotion and sale of its KIKO branded cosmetics, offered via its www.kikocosmetics.com website, via third party retailers, and, since 2014, in its own KIKO branded brick and mortar retail stores throughout the United States.

30. Despite such use and accompanying federal trademark registrations, with both actual and constructive knowledge of Plaintiff's KIKO Marks and KIKO Registrations, in 2013, Defendant filed an application for protection of a KICHO and design trademark with the United States Patent and Trademark Office, Appl. Ser. No 86/053930, for goods characterized as "Eyebrow pencils; Lip liner; Mascara; Make-up foundations; Hair colorants; Cosmetic preparations for bath and shower; Body lotions; Bath lotion; Shower gels; Skin lotions; Eyeliner;

7

Eye cream; Face and body lotions; Perfumes; Hair gel; Hair spray; Make-up powder; Make-up removing lotions."

31. A true and accurate representation of the KICHO and design mark that is subject of Appl. Ser. No. 86/053930 appears below:



32. That application was opposed by Plaintiff, via Opposition filed on June 25, 2014, with a Trademark Trial and Board decision issued August 9, 2016 refusing registration on the basis of likelihood of confusion with Plaintiff's KIKO marks (Opp. No. 91217033). An appeal of the foregoing decision was filed by Defendant in the Eastern District of Virginia (Case No. 1:16-cv-01284-GBL-JFA).

33. In refusing registration, the USPTO Trademark Trial and Appeal Board found the near identical nature of the goods, the near identical pronunciation of KICHO and KIKO (noting that there is no one appropriate pronunciation of a trademark), the visible similarities of the KICHO v. KIKO wording, and the minimal relevance of the added design elements (where goods may be purchased based on a verbal order), all were significant and persuasive in finding a likelihood of confusion.

34. Despite the unfavorable ruling by the Trademark Trial and Appeal Board, Plaintiff has recently learned that Defendant Dooyeon adopted new iterations of its KICHO name and trademark, affixing the KICHO wording in far greater prominence and reducing the size and visibility of the design elements, and in some situations deleting the design elements completely.

35. A true and accurate representation of the new KICHO name as affixed to Defendant's goods (and available for purchase at www.kichocosmetics.com and elsewhere) appears below:



36. By comparison, a true and accurate representation of Plaintiff's KIKO branded goods (available for purchase at www.kikocosmetics.com and elsewhere) appear below:



9

37. The foregoing goods and those goods identified on the respective parties' websites include makeup brushes, skin creams, makeup cleaning cloths and other identical, related and/or similar cosmetic, beauty and personal care products.

38. Defendant's KICHO branded goods are sold at Whole Foods Market located at Columbus Circle in Manhattan, just over four (4) miles away from Plaintiff's KIKO retail store located at the World Trade Center Mall.

39. In addition to the brick and mortar locations identified herein, Defendant and Kiko offer their competing products at websites appearing at the nearly identical domain names www.kikocosmetics.com and www.kichocosmetics.com.

40. Both Plaintiff's and Defendant's KIKO and KICHO cosmetics are marketed to the same type of customers, seeking affordable, fine-quality cosmetic products in New York City and nationally.

41. When pronounced, the words KIKO and KICHO are highly similar, and identical when the "CH" letters are pronounced as a "K" as in *ache*, *choir*, and *stomach,* and thus, legally identical for trademark likelihood of confusion purposes.

42. Cosmetic products are commonly advertised and promoted via word-of-mouth, audio advertising, or simply through verbal promotion by their owners and resellers.

43. When viewed, the words KIKO and KICHO are highly similar in appearance, both beginning with the letters "KI"; ending with the letter "O"; and wherein the middle letters "H" and "K" appear very similar, and thus when visibly noticed in the marketplace, appear closely similar for trademark likelihood of confusion purposes.

44. Defendant's use of the KICHO name is confusingly similar to Plaintiff's KIKO Marks since Defendant offers identical cosmetic goods, offered for sale without Plaintiff's

10

authorization or authorization from any other person or entity authorized to grant such permission.

45. Defendant's use of the KICHO name is confusingly similar to Plaintiff's KIKO Marks, and is likely to cause consumers to believe that Plaintiff's and Defendant's goods originate from the same source or are somehow related, or that Plaintiff is licensing, endorsing, authorizing, sponsoring or is in some way associated with Defendant's activities.

46. Defendant's use of names that are confusingly similar to Plaintiff's KIKO Marks will adversely interfere and continue to adversely interfere with Plaintiff's efforts to market and advertise the KIKO branded goods in this judicial district.

47. Defendant is capitalizing on Plaintiff's well-known goodwill and reputation to enhance the promotion and sales of its own goods for commercial purposes and financial gain.

48. Plaintiff has been and continues to be injured by Defendant's unlawful acts within the State of New York and within this judicial district.

49. Defendant acted with actual and constructive notice of the KIKO Registrations, Plaintiff's trademark registrations, and of Plaintiff's extensive and continuous use of the KIKO Marks well prior to its filing of an application for the KICHO and design mark and its use of the KICHO mark in association with cosmetic products.

50. Thus, Defendant performed the acts complained of herein willfully and with knowledge of the infringement they would cause, and with intent to cause confusion, mistake, or deception, and to appropriate and unfairly trade upon Plaintiff's extensive reputation and goodwill in the KIKO Marks.

## CAUSES OF ACTION

### COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1117

51. Plaintiff repeats, realleges and incorporates all of the allegations made in the foregoing paragraphs of this Complaint as if fully set forth herein.

52. Defendant's unauthorized and unlicensed use of the KICHO mark, a trademark confusingly similar to the KIKO Marks in United States commerce in association with goods related to the advertising, marketing, promotion, offer for sale and sale of cosmetic products is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's goods and services.

53. Defendant's acts infringe Plaintiff's KIKO and KIKO MAKE UP MILANO trademarks, with consequent damage to Plaintiff and Plaintiff's business and goodwill symbolized by the KIKO and KIKO MAKE UP MILANO trademarks in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act).

54. Defendant's acts of trademark infringement of the KIKO Marks for commercial purposes and financial gain have caused and are causing great and irreparable injury to Plaintiff, in the KIKO Marks, and to the Plaintiff's business and goodwill represented by these Marks, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

55. Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Plaintiff's expense.

56. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused by reason of Defendant's acts of trademark infringement.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

57. Plaintiff repeats, realleges and incorporates all of the allegations made in the foregoing paragraphs of this Complaint as if fully set forth herein.

58. Defendant's use of trademarks confusingly similar to the KIKO Marks in the manner described above is likely to cause consumers to mistakenly believe that Defendant has an affiliation with the Plaintiff that Defendant's goods are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff.

59. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff, to the KIKO Marks, and to the Plaintiff's business and goodwill represented by these marks in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

60. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused by Defendant's acts of unfair competition and false designation of origin.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

61. Plaintiff repeats, realleges and incorporates all of the allegations made in the foregoing paragraphs of this Complaint as if fully set forth herein.

62. The acts of Defendant as described above constitute trademark infringement in violation of Plaintiff's rights under the common law of the State of New York and NY GBL § 360-o.

## COUNT IV

### UNFAIR COMPETITION AND DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK STATE LAW

63. Plaintiff repeats, realleges and incorporates all of the allegations made in the foregoing paragraphs of this Complaint as if fully set forth herein.

64. The acts of Defendant as described above constitute unlawful deceptive acts and practices in violation of NY GBL §§ 349-350 and unfair competition under New York common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor as follows:

1. Declare that Defendant's unauthorized conduct violates Plaintiff's rights under the Lanham Act, the common law of New York, the New York General Business Law.

2. Immediately and permanently enjoin Defendant, its agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from:

(a) using the mark KICHO or KIKO or any designations that include the term KICHO or KIKO or any phonetic equivalent or confusingly similar variation thereof for any cosmetic, beauty and/or personal care products;

(b) from doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public, or to lead consumers into the belief that the goods

and/or services marketed, advertised, promoted, offered for sale, and/or rendered by Defendant is authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

(c) representing by any means whatsoever, directly or indirectly, that any goods and/or services offered or rendered/sold by Defendant are offered, rendered by, or approved by Plaintiff, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such goods;

(d) otherwise competing unfairly with Plaintiff in any manner;

(e) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(f) aiding any other party in doing any acts prohibited by this paragraph.

3. Direct Defendant to discontinue use of the domain name *kichocosmetics.com* or any other confusingly similar variations of this domain, including any designations that include the term KICHO or KIKO or any phonetic equivalent or confusingly similar variation thereof.

4. Direct Defendant to provide a complete accounting of its infringing activities and to deliver to Plaintiff any and all marketing materials in Defendant's possession or control, incorporating term KICHO or KIKO or any phonetic equivalent or confusingly similar variation thereof.

5. Order Defendant, pursuant to 15 U.S.C. § 1116, to serve on Plaintiff within thirty (30) days after service on Defendant of preliminary or permanent injunction orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction(s).

6.  Order Defendant to account to Plaintiff for Defendant's profits and any damages sustained by Plaintiff arising from Defendant's acts of trademark infringement, and unfair competition, and order that Plaintiff be awarded the greater of (i) three times Defendant's profits or (ii) three times any damages sustained by Plaintiff under 15 U.S.C. § 1117, plus prejudgment interest.

7.  Award Plaintiff their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, investigative expenses, and expert and other fees, on the ground that this is an exceptional case under 15 U.S.C. § 1117.

8.  Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all triable issues contained in the Complaint.

Dated: New York, New York
April 11, 2017

Respectfully submitted,

FOX ROTHSCHILD LLP

*Christopher R. Kinkade*

Ernest Edward Badway, Esq.
Christopher R. Kinkade, Esq.
Michael J. Leonard, Esq. (*pro hac vice pending*)
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: 212 878-7986
Fax: 212 878-0940

*Attorneys for Plaintiff Kiko S.p.A.*

16